UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARRIS ANTHONY PHARMS,

                Plaintiff,                      Case No. 1:22-cv-9

v.                                          Honorable Ray Kent

HEIDI E. WASHINGTON et al.,

                Defendants.
_____/

## OPINION

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 7.)

       This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

       "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

The Court will further deny Plaintiff's motions to amend the complaint (ECF No. 11), to supplement the pleadings (ECF No. 9), for a preliminary injunction (ECF No. 3), and for a stay (ECF No. 6).

## Discussion

### I.     Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility and the Lakeland Correctional Facility (LCF)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

in Coldwater, Branch County, Michigan. Plaintiff sues MDOC Director Heidi E. Washington, IBC Warden Matthew Macauley, and LCF Warden Bryan Morrison.[2]

Plaintiff alleges that prison staff have interfered with his ability to use his prescribed medical body wash as directed during his placements in segregation. According to the complaint, Plaintiff suffers from a skin condition that can result in inflamed, itchy skin. Prison healthcare staff have prescribed ketoconazole to treat Plaintiff's condition since 2019. Copies of the prescription's label, which are attached to the complaint, direct Plaintiff to apply the topical medication daily. (ECF No. 1-2, PageID.21.) Plaintiff argues that because prison officials limited him to three showers per week while he was in segregation during several periods in 2020 and 2021, he could not apply his medication daily as prescribed.

While housed in segregation, Plaintiff raised his concerns with healthcare staff. A registered nurse responded that while Plaintiff's prescription directed him to apply his medication daily, the directions did not indicate that Plaintiff needed to shower afterward. The response further advised that Plaintiff could use the sink in his cell if he felt the need to rinse. Although Plaintiff resisted using his sink, he asserts that he eventually did on December 19, 2021. Another prisoner who worked as a porter saw Plaintiff naked, apparently through Plaintiff's cell door window, and "jok[ed] . . . that [Plaintiff] was tripping being in [his] cell naked without covering the window." (Compl., ECF No. 1, PageID.5.) Other prisoners in segregation purportedly heard and teased Plaintiff. Plaintiff asserts that he felt harassed and humiliated as a result.

---

[2] Plaintiff sues Defendants in their official capacities only. Therefore, Plaintiff's official-capacity claims are actually against the MDOC. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (concluding that an official-capacity action is to be treated as against the entity itself). To the extent Plaintiff seeks money damages, his claims are consequently precluded by the Eleventh Amendment. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

For relief, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 for each day that he could not apply his medication. Plaintiff further seeks injunctive relief.

## II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In this action, Plaintiff alleges violations of the Eighth and Fourteenth Amendments.[3]

### A.    Eighth Amendment

Reading the complaint with all due liberality, *see Haines*, 404 U.S. at 520, Plaintiff asserts two theories for an Eighth Amendment claim. Under the first theory, Defendants required Plaintiff to apply his medication using a sink rather than a shower, which resulted in him facing ridicule or verbal harassment by other prisoners. Under the second theory, Defendants denied Plaintiff's requests to shower daily to rinse off his medication.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part

---

[3] Plaintiff refers to "the Equal Protection Act." (Compl., ECF No. 1, PageID.7.) Presumably, Plaintiff instead intends to refer to the Equal Protection Clause of the Fourteenth Amendment.

6

of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

### 1.   Verbal harassment

To the extent that Plaintiff alleges that he faced ridicule and teasing from other prisoners on a single occasion and further faced the potential for future teasing, he arguably contends that Defendants failed or fail to protect him from verbal harassment by other prisoners.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer*, 511 U.S. at 833. Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

Here, Plaintiff fails to allege that he reasonably fears any threat to his personal safety. To be sure, Plaintiff sufficiently alleges that other prisoners teased him after he was discovered naked while applying his medication. That experience clearly may have been unpleasant. He may also face similar ridicule in the future. The Court does not condone such behavior. Yet, absent from his allegations is any suggestion that the teasing could escalate to violence. Without a connection to a threat of violence, it remains unclear how Plaintiff's allegations point to any "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. In other words, Plaintiff fails to allege that he faces an "unnecessary and wanton infliction of pain." *Ivey*, 832 F.2d at 954. Indeed, the Sixth Circuit has held that even repeated, insulting remarks by a corrections officer that purportedly intended to

cause a prisoner a heart attack did not fun afoul of the Eighth Amendment. *See Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("[H]arassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits . . . .") Plaintiff's allegations fall far short of that. Consequently, Plaintiff fails to state an Eighth Amendment claim for any teasing he faced or may face by other prisoners for applying his medication while in his cell using a sink.

### 2.     Medical

Plaintiff's remaining Eighth Amendment claim contends that Defendants displayed deliberate indifference by failing to provide him with the ability to apply his prescribed medication.

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's *serious* illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05 (emphasis added).

To satisfy the objective component in a medical claim, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died

9

from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

Here, Plaintiff's claim fails on both prongs. Multiple courts, including this one, have concluded that dermatological conditions like Plaintiff's simply are not sufficiently serious as to implicate the Eighth Amendment. *See, e.g.*, *Sledge v. Kooi*, 564 F.3d 105, 107 (2d Cir. 2009) (per curiam) (holding that eczema is not an objectively serious medical condition under the Eighth

Amendment); *Tsakonas v. Cicchi*, 308 F. App'x 628, 632 (3d Cir. 2009) (holding that eczema and athlete's foot are not objectively serious medical conditions under the Eighth Amendment); *Tasby v. Cain*, 86 F. App'x 745 (5th Cir. 2004) (holding that although the plaintiff "suffered a rash" that "does not establish that he suffered 'serious harm'"); *Young v. Jourden*, No. 1:19-cv-854, 2021 WL 849324, at *13 (W.D. Mich. Feb. 5, 2021), *report and recommendation adopted in part, rejected in part on other grounds*, 2021 WL 716896 (W.D. Mich. Feb. 24, 2021) (finding that a plaintiff's eczema, which caused cracked and dry skin that bled when the plaintiff scratched it, was not an objectively serious medical condition); *Cox v. Hartshorn*, 503 F. Supp. 2d 1078, 1085 (C.D. Ill. 2007) (holding that a fungal rash is not an objectively serious medical condition); *Gray v. Ghosh*, No. 12 C 194, 2013 WL 5497250, at *1 (N.D. Ill. Oct. 3, 2013) (collecting cases). Nothing in Plaintiff's allegations suggests that his dermatological condition is more severe than eczema, fungal rashes, or athlete's foot. He therefore fails to allege that his dermatological condition is objectively serious. Because Plaintiff's dermatological condition is not objectively serious, Plaintiff cannot satisfy the objective prong of the deliberate indifference inquiry.

Yet, Plaintiff also fails to allege facts sufficient to satisfy the subjective prong. According to the complaint, when Plaintiff wrote a grievance to seek an accommodation to shower daily, he was told by a nurse that he could use the sink in his cell to apply and rinse off his medication. That nurse further reviewed Plaintiff's prescription and identified that it did not directly indicate that Plaintiff needed to shower. Moreover, Plaintiff does not allege that the sink was insufficient, only that other prisoners may tease him for undressing in his cell. As discussed above, that does not violate the Eighth Amendment. In short, Plaintiff's own allegations reveal that his concerns were responded to reasonably. Consequently, Plaintiff's deliberate indifference claim fails for a second

reason. *See Farmer*, 511 U.S. at 834. Therefore, for both reasons, the Court will dismiss Plaintiff's Eighth Amendment deliberate indifference claim.

### B. Fourteenth Amendment

Plaintiff also appears to allege a vague violation of his equal protection rights.

The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'").

An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant respects . . . ." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011); *see also Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) ("'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'"); *Tree of Life Christian Schools v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018) ("A plaintiff bringing an equal protection claim must be 'similarly situated' to a comparator in 'all relevant respects.'").

Therefore, because Plaintiff does not allege any facts to show that any comparators are similarly situated, much less that any disparate treatment occurred, Plaintiff fails to state an equal protection claim. Accordingly, the Court will dismiss Plaintiff's equal protection claim.

## III.   Pending motions

Plaintiff has also filed three motions that are currenting pending before the Court.

### A.        Supplemental and amended complaints

Plaintiff has filed motions to supplement and amend the complaint. (ECF Nos. 9, 11.) In his proposed supplemental complaint, Plaintiff asserts that since filing the original complaint he exhausted administrative remedies. He further alleges has not seen yet his healthcare provider for a follow-up appointment referenced in a grievance response, however he attaches documents showing that his medical prescription was renewed. In the proposed amended complaint, Plaintiff principally aims to add eight Defendants to the action.

Motions to amend or supplement a complaint are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(d) affords courts the same level of discretion to permit supplements that Rule 15(a) affords to permit amendments. *See* 6A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1504 (3d. ed. Westlaw Aug. 2019 Update). However, in *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court identified some circumstances in which "justice" might counsel against granting leave: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 182. If a claim would be properly dismissed, amendment to add the claim would be futile. *Thiokol Corp. v. Michigan Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).

Here, granting Plaintiff leave to file either his proposed supplemental complaint or his proposed amended complaint would be futile. The Court has reviewed the two proposed filings and concluded that neither adds a new claim nor cures the defects in Plaintiff's original claims. Accordingly, in this instance, justice does not require that either the amendment or the supplement be permitted, and Plaintiff's motions will therefore be denied.

### B.      Preliminary injunction

Plaintiff has also filed a motion for a preliminary injunction. (ECF No. 3.)

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Nader*, 230 F.3d at 834.

Crucially, the Sixth Circuit has also concluded "that a court must not issue a preliminary injunction where the movant presents no likelihood of merits success." *Daunt v. Benson*, 956 F.3d 396, 421–22 (6th Cir. 2020) (quoting *La.-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, 928 F.3d 514, 517 (6th Cir. 2019)); *see also Cooey v. Strickland*, 604 F.3d 939, 946 (6th Cir. 2010).

As fully discussed above, Plaintiff presents no likelihood of success on the merits. Accordingly, his motion for injunctive relief will be denied.

### C.      Stay

Plaintiff also filed a motion to stay the proceedings to permit him to exhaust administrative remedies. (ECF No. 6.) As noted above, since filing the original complaint, Plaintiff exhausted his administrative remedies. At this time, his motion is therefore moot, and the Court therefore will deny it.

### Conclusion

The Court will deny Plaintiff's pending motions. Further, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and a judgment consistent with this opinion will be entered.


Dated:    August 30, 2022                          /s/ Ray Kent
                                                   Ray Kent
                                                   United States Magistrate Judge

15